```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**MARK R. WINKLE,**

        Plaintiff,

   vs.                                         Civil Action 2:12-cv-1014
                                                    Judge Smith
                                                    Magistrate Judge King

**WILLIAM FLAKER,** *et al.*,

        Defendants.

## REPORT AND RECOMMENDATION

Plaintiff has been granted leave to proceed *in forma pauperis*. This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. § 1915(e)(2), which requires that a court dismiss such a case if it determines, *inter alia*, that the action fails to state a claim on which relief may be granted. . . ."  28 U.S.C. § 1915(e)(2)(B)(ii).  Moreover, a court may, on its own motion, dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

In determining whether a complaint states a claim upon which relief can be granted, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff must provide more than

labels and conclusions, "and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555.

    The *Complaint* filed in this action names 11 defendants, all of whom are identified in the *Complaint* as residents of Ohio. Although the Court surmises that plaintiff's claims relate in some respect to leased premises, plaintiff does not specify his relationship with any of the named defendants. Moreover, the 11 claims asserted against the defendants are supported by so little factual support as to provide no notice to defendants of the actual claims against them. For example, the first claim alleges that certain defendants, including an employee of the Code Enforcement Division of the City of Springfield, Ohio, "conspired to interfere with plaintiff's Fourteenth Amendment right of Equal Treatment under the law by failing to insure his safety as a tenant at 736 E. High Street, Apt. 5 in Springfield, Ohio." *Complaint*, Doc. No. 3, p. 3. Similarly, the *Complaint* alleges that "plaintiff's [sic] William Flaker, Nicholas Flaker, and Angelita Lopez conspired to and committed a continuous pattern of invasion of privacy against the plaintiff from October 1, 2010 to August 2, 2012." *Id*. The *Complalint* further alleges that "plaintiff [sic] william Flaker, Holly Delong, Heidi Delong, and Roseanne Takacs have consistently conspire [sic] to and interfered with the performance of plaintiff's contract between himself and defendants Leslie and Roseanne Takacs." *Id*.

    Under these circumstances, the Court concludes that the *Complaint* fails to state a claim upon which relief can be granted.

    Moreover, only the first claim, alleging the interference "with plaintiff's Fourteenth Amendment right of Equal Treatment under the law by failing to insure his safety as a tenant . . . ," purports to state

a claim arising under federal law. However, plaintiff does not claim membership in any class nor does he allege that any governmental agent or agency treated him differently because of his membership in any class or in connection with the exercise of his constitutionally protected rights. That claim therefore fails to state a colorable claim of the denial of equal protection. *See TriHealth, Inc. V. Bd. Of Comm'rs, Hamilton county, Ohio,* 430 F.3d 783, 788 (6th Cir. 2005)(The Equal Protection Clause "prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated"). Because plaintiff has failed to state a claim for relief arising under federal law, the Court lacks subject matter jurisdiction of the action under 28 U.S.C. § 1331. Because the parties are not of diverse citizenship, the Court also lacks subject matter jurisdiction over any claims arising under state law. *See* 28 U.S.C. § 1332. *See also United Mine Workers v. Gibbs*, 383 U.S. 715 (196)(where federal claim is dismissed before trial, state law claims should ordinarily likewise be dismissed).

Under all these circumstances, it is **RECOMMENDED** that the action be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed.

R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

December 5, 2012              s/Norah McCann King
  (Date)                    Norah M<sup>c</sup>Cann King
                         United States Magistrate Judge

4