```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**MARK R. WINKLE,**

        **Plaintiff,**

  vs.                                                           Civil Action 2:12-cv-1014
                                                              Judge Smith
                                                               Magistrate Judge King

**WILLIAM FLAKER**, *et al.*,

        **Defendants.**

## OPINION AND ORDER

Plaintiff Mark Winkle, an Ohio resident, has been granted leave to proceed *in forma pauperis*. *Order to Proceed in Forma Pauperis*, Doc. No. 2. On December 5, 2012, upon initial screen of the *Complaint* pursuant to 28 U.S.C. § 1915(e)(2), the United States Magistrate Judge recommended that the action be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *Report and Recommendation*, Doc. No. 4, p. 3.

On December 7, 2012, plaintiff filed a *Motion for Leave to File an Amended Complaint* ("*Plaintiff's First Motion to Amend*"), Doc. No. 5, seeking to change the name of defendant Mark Harmon to Joshua Harmon. Plaintiff also filed a *Request for Service*, Doc. No. 6, on that same date.

On December 18, 2012, plaintiff filed objections to the *Report and Recommendation* ("*Plaintiff's Objections*"), Doc. No. 8. In his objections, plaintiff argues that he adequately stated numerous

claims, but he nevertheless asks to further amend the *Complaint* to cure the pleading deficiencies noted in the *Report and Recommendation*. *See Plaintiff's Objections*, p. 1. On that same date, plaintiff filed a *Motion for Leave to File an Amended Complaint* ("*Plaintiff's Second Motion to Amend*"), Doc. No. 9. The text of the proposed second amended complaint is incorporated in *Plaintiff's Objections*. *See Plaintiff's Objections*, pp. 1-11.

The *Complaint*, Doc. No. 3, names 11 defendants, all of whom are identified as Ohio residents. On December 26, 2012, defendant City of Springfield and Joshua Harmon, who is a named defendant in the first proposed amended complaint but not in the original *Complaint*, filed a *Response to Plaintiff's Objections*, Doc. No. 13, a response to *Plaintiff's Second Motion to Amend*, Doc. No. 14, and a *Motion to Dismiss*, Doc. No. 15. Defendant City of Springfield and Joshua Harmon oppose plaintiff's motions to amend, arguing that amendment would be futile. *See* Doc. Nos. 13-15. On January 14, 2013, plaintiff filed a *Rebuttal to Defendant City of Springfield's Response to Plaintiff's Objections to Report and Recommendation of Magistrate* [sic] *King*, Doc. No. 16.

### I.  Plaintiff's Motions to Amend

#### A.  Standard

Plaintiff's motions to amend are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle

that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).  The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).  In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).  A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint.  S*ee Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983).  In determining whether dismissal on this basis is appropriate, a complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true.  *See Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.*, 896 F. Supp. 734, 738 (S.D. Ohio 1994).  The United States Supreme Court has explained that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations

3

in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. Accordingly, a complaint must be dismissed – and a motion for leave to amend a complaint must be denied – if the complaint or proposed amended complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

    B.    Discussion

The second proposed amended complaint asserts 11 claims against 11 defendants.[1] Many of plaintiff's claims revolve around plaintiff's lease and occupancy of an apartment in Springfield, Ohio, from defendants William Flaker and Terry Flaker; plaintiff also appears to complain about terms and conditions of his current lease of premises in Athens, Ohio, from defendants Leslie and Roseanne Takacs. *Plaintiff's Objections.* All of the claims purport to state a claim arising under federal law.

Plaintiff's first claim alleges that the apartment he rented was in need of repairs, which William and Terry Flaker refused to

---

[1] The second proposed amended complaint alleges significantly more facts than the first proposed amended complaint, which seeks only to change the name of a single defendant. The Court will therefore refer to the facts alleged in the second proposed amended complaint. The second proposed amended complaint does not provide a case caption listing the identities of the plaintiff and defendants; it appears to assert claims against the defendants listed in the first proposed amended complaint.

complete, so he sent numerous letters to the City of Springfield, Ohio, and to Joshua Harmon, the Director of Code Enforcement for the City of Springfield, "requesting that Code Enforcement inspect both buildings and order repairs." *Id*.  The City of Springfield and Joshua Harmon allegedly "took no action" and failed to enforce the "Ohio Building Code." *Id*. at pp. 2-3.  In response to plaintiff's repair requests, defendants William and Nicholas Flaker allegedly stated that they "'could not be forced to make repairs' as William Flaker 'had friends at City Hall' in Springfield, Ohio." *Id*.  William Flaker also allegedly said that the code enforcement rules were different for him because he was a "licensed electrician" who knew people at "Code Enforcement." *Id*.  Plaintiff alleges that these actions "establish[] a two tier system of compliance" in violation of the Fourteenth Amendment right to equal protection by creating classes of people based on whether they have a contractor's license or "friends at City Hall." *Id*. at p. 3.

The second proposed amended complaint fails to state a Fourteenth Amendment equal protection claim.  First, plaintiff's allegation that the City of Springfield and its Director of Code Enforcement "took no action" in response to his letters, *see id*. at pp. 2-3, is simply insufficient to state any claim against them.  These allegations are not based on "active unconstitutional behavior," as required for liability of a government official under 42 U.S.C. § 1983.  *See Combs v. Wilkinson*, 315 F.3d 548, 554 (6th Cir. 2002) (citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).  Second, plaintiff

5

does not claim membership in a protected class or allege that any governmental agent or agency treated him differently because of his membership in a protected class or in connection with the exercise of his constitutionally protected rights.  Plaintiff's first claim therefore fails to state a Fourteenth Amendment equal protection claim.  *See Loesel v. City of Frankenmuth*, 692 F.3d 452, 461 (6th Cir. 2012) ("'The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.'") (quoting *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011)).

Plaintiff's remaining ten claims relate to plaintiff's allegations that he was "defrauded" out of a security deposit (claim 2), was subjected to "threats of bodily harm" (claim 3), was a victim of a conspiracy to commit "a continuous pattern of invasion of privacy" (claim 4), of a conspiracy and interference with contract (claim 5), of a conspiracy and harassment "through excessive noise" (claim 6), was a victim of fraud in misrepresenting the condition of an apartment (claim 7), was subjected to "telephone harassment" to interfere with a contract (claim 8), was subjected to a breach of contract for failure to maintain a leased premise (claim 9), was forced to rent a Post Office Box by interfering with the delivery of mail (claim 10), and was subjected to harassment and lease violations as a "means of sex discrimination in violation of plaintiff's civil

rights in an attempt to force the plaintiff out of his apartment" (claim 11). *Plaintiff's Objections*, pp. 3-10. Each claim concludes with an allegation that the facts alleged constitute a violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq*.

"The Fair Housing Act prohibits discrimination in the sale or rental of housing because of 'race, color, religion, sex, familial status, or national origin.'" *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003) (quoting 42 U.S.C. § 3604). *See also Graoch Assocs. #33, L.P. v. Louisville/Jefferson Cnty. Metro Human Relations Comm'n*, 508 F.3d 366, 371 (6th Cir. 2007) ("First, the plaintiff must show a *prima facie* case by showing that he is a member of a protected class, that he applied to and was qualified to rent or purchase certain housing, that he was rejected, and that the housing remained available thereafter."). The prohibition extends to, *inter alia*, the terms, conditions, privileges, or provision of services or facilities in connection with a sale or rental of a dwelling. 42 U.S.C. § 3604(b).

The proposed second amended complaint alleges that plaintiff has been subjected to discrimination on the basis of his sex in connection with his lease of the two premises. Plaintiff has not, however, alleged actual facts that constitute sex discrimination under the Fair Housing Act. For example, plaintiff has not alleged that any defendant refused to rent him a dwelling on the basis of sex or that he was discriminated against in the terms, conditions, or the provisions of services or facilities in connection with the rental of a dwelling

7

because of his sex.  In fact, plaintiff seems to allege that most of his fellow tenants at the Springfield premises were treated like plaintiff, regardless of their sex.  *See Plaintiff's Objections*, p. 2 (referring to the denial of repairs requested by or on behalf of all tenants), p. 3 (alleging that William and Terry Flaker "have defrauded nearly every other tenant that they have rented to in the past two years since plaintiff began renting an apartment from them"), p. 5 ("William Flaker and Nicholas Flaker would place inspection notices in the mailboxes of each tenant . . . .").

Plaintiff does allege that three female tenants were accorded preferential treatment, but the specific allegations in this regard are also insufficient to state a claim for sex discrimination. Plaintiff alleges that defendant Angelita Lopez, whom plaintiff describes as a Mexican-American female resident "spy" employed by William Flaker, "received preferential treatment due to her gender" and race. *Id*. at pp. 4-5.  However, plaintiff also alleges that the "preferential treatment" received by Angelita Lopez was a direct result of her renting an "apartment under a (HUD) Housing and Urban Development Section 8 lease." *Id*. at 4.  Plaintiff also alleges that Leslie and Roseanne Takacs, apparently his current landlords, failed to evict defendants Heidi and Holly Delong "on the basis of their gender (female) and their familial status (Heidi Delong has a son)." *Id*. at p. 6.  However, plaintiff does not allege that he has been evicted from his current apartment, nor does he allege that he has been sanctioned for engaging in behavior tolerated in the Delong

defendants. Plaintiff's allegations, even taken as true, are simply insufficient to state a claim for sex discrimination under the Fair Housing Act.

In short, plaintiff has not alleged, apart from threadbare, conclusory recitals, that he has been subjected to sex discrimination in violation of the Fair Housing Act. The proposed amendments therefore fail to state a colorable claim of discrimination under the Fair Housing Act.

Because the proposed amended complaints fail to state a claim for relief arising under federal law, the Court lacks subject matter jurisdiction of the action under 28 U.S.C. § 1331. Because the parties are not of diverse citizenship, the Court also lacks subject matter jurisdiction over any claim arising under state law.[2] *See* 28 U.S.C. § 1332. *See also United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Accordingly, plaintiff's motions to amend the *Complaint*, Doc. Nos. 5, 9, are futile, and thus, are **DENIED.**

II. **Plaintiff's Objections**

The United States Magistrate Judge recommended that the action be dismissed for lack of subject matter jurisdiction and for failure to

---

[2] Apparently, plaintiff intends to assert such state law claims as invasion of privacy, defamation, harassment, tortious interference and violation of Ohio's Landlord Tenant Laws.

state a claim upon which relief can be granted.  *Report and Recommendation*, p. 3.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). In determining whether dismissal is appropriate for failure to state a claim on which relief may be granted, the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true.  *See Bower,* 96 F.3d at 203; *Misch,* 896 F. Supp. at 738.  Dismissal is appropriate if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Moreover, a court may, on its own motion, dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

In his objections to the *Report and Recommendation*, plaintiff maintains that the *Complaint* adequately sets forth numerous claims and that, in any event, the proposed amended complaint would cure any pleading deficiencies noted in the *Report and Recommendation*.  *See Plaintiff's Objections*, p. 1.  As discussed *supra*, plaintiff's proposed amendments to the *Complaint* are futile because they fail to

10

state a federal claim upon which relief can be granted and because the Court lacks subject matter jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1), this Court has conducted a careful *de novo* review of the *Report and Recommendation* and *Plaintiff's Objections*.  For the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, *Plaintiff's Objections*, Doc. No. 8, are **OVERRULED**.  The *Report and Recommendation*, Doc. No. 4, is **ADOPTED** and **AFFIRMED**.

In light of the foregoing, plaintiff's *Request for Service*, Doc. No. 6, is **DENIED** as moot.  The *City of Springfield, Ohio and Joshua Harmon's Motion to Dismiss*, Doc. No. 15, is **DENIED** as moot.

**WHEREFORE**, based on the foregoing, *Plaintiff's First Motion to Amend*, Doc. No. 5, is **DENIED**.  *Plaintiff's Second Motion to Amend*, Doc. No. 9, is **DENIED**.  Plaintiff's *Request for Service*, Doc. No. 6, is **DENIED** as moot.  The *City of Springfield, Ohio and Joshua Harmon's Motion to Dismiss*, Doc. No. 15, is **DENIED** as moot.  *Plaintiff's Objections*, Doc. No. 8, are **OVERRULED**.  The *Report and Recommendation*, Doc. No. 4, is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

> *s/George C. Smith*
> **George C. Smith, Judge**
> **United States District Court**